UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAD HUSKIC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADA COUNTY; ADA COUNTY PUBLIC DEFENDER'S OFFICE; ADA COUNTY PROSECUTOR'S OFFICE; CITY OF BOISE; BOISE CITY POLICE DEPARTMENT; STATE FARM INSURANCE COMPANY,<br><br>　　　　Defendants. | Case No. 1:23-cv-00538-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Pending before the Court are two motions to dismiss, one jointly filed by Ada County, the Ada County Public Defender's Office, and the Ada County Prosecutor's Office and another by the City of Boise. (Dkts. 13, 17). Additionally, Plaintiff Sead Huskic has filed a "motion to continue proceedings/filings in this case" and a "motion to dismiss all of the unconstitutional and fraudulent charges" against Huskic in an underlying state criminal action against him. (Dkt. 27) (capitalization corrected). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants Defendants' motions to dismiss and denies Huskic's motions.

**MEMORANDUM DECISION AND ORDER - 1**

I.  BACKGROUND

This action arises from a vehicle collision between Huskic and his neighbor in November 2021. (Dkt. 1 at ¶ 11). The Boise Police Department (the BPD) investigated the incident and concluded Huskic had committed felony and misdemeanor offenses when he "assaulted a neighbor using a deadly weapon by intentionally driving his car at the neighbor and [the neighbor's] vehicle, and by leaving the scene afterward." (*Id*. at ¶ 12). The Ada County Prosecutor's Office (the Prosecutor) prosecuted Huskic in Ada County District Court Case No. CR01-21-44024 (the state criminal action); the Ada County Public Defender's Office (the Public Defender) represented Huskic in that action; and the BPD assisted in the investigation and the prosecution of Huskic. (*Id*. at ¶¶ 14-16).

A jury convicted Huskic of aggravated assault with a deadly weapon or instrument, and Huskic was later sentenced. *See Huskic v. Boise Police Dep't*, No. 1:22-cv-00308-DCN, 2022 WL 13927239, at *2 (D. Idaho Oct. 24, 2022) (describing state criminal action). Thereafter, Huskic, proceeding pro se, filed a federal action in this Court alleging claims against the BPD, the Prosecutor, and the Public Defender. *Id.* Specifically, Huskic alleged they violated his Fifth, Sixth, and Eighth Amendments rights. *Id.* The Public Defender moved to dismiss Huskic's complaint for failure to state a claim. *Id*. Addressing that motion, the Honorable David C. Nye construed Huskic's allegations as asserting a claim under 42 U.S.C. § 1983 and granted the Public Defender's motion. *Id.* at *4. Judge Nye reasoned § 1983 "is only applicable against agents acting under color of state law, and public defenders do not act under color of law when representing defendants in criminal cases." *Id.* Accordingly, Judge Nye dismissed Huskic's claims against the Public Defender with prejudice. *Id.* Later, Judge Nye dismissed Huskic's claims against the Prosecutor

and BPD without prejudice because Huskic failed to serve them properly under Rule 4(m) of the Federal Rules of Civil Procedure.

On December 1, 2023, Huskic—who was temporarily represented by counsel[1]—filed this action.[2] (Dkt. 1). Like his last complaint, Huskic alleges claims against the Public Defender, the Prosecutor, and the BPD related to his state criminal action. (*Id.* at p. 1). Additionally, he now also alleges claims against Ada County (the County) and the City of Boise (the City). (*Id.*). Generally, Huskic alleges these Defendants denied him "the right to a fair trial, assistance of counsel[,] and substantive due process rights . . . under the Fifth, Sixth, Eighth, and Fourteenth Amendments." (*Id.* at ¶ 1). Further, Huskic alleges Defendant State Farm Insurance Company (State Farm) breached a duty of good faith and fair dealing by failing "to pay the demand for subrogation by the alleged victim's insurance company" and by failing to preserve certain evidence. (*Id.* at ¶¶ 35-39). Huskic seeks damages against Defendants. (*Id.* at ¶ 41(a)).

In response to Huskic's complaint, the City moved to dismiss his claims. (Dkt. 13). Likewise, the County, the Public Defender, and the Prosecutor jointly moved to dismiss his claims.[3] (Dkt. 17). Thereafter, Huskic moved this Court to dismiss the state criminal action against him and for a continuance to obtain legal representation in this case. (Dkt. 27 at p. 1).

---

[1] Huskic's counsel withdrew after filing the complaint and before any other filings occurred, and Huskic has been proceeding pro se since the filing of his complaint.

[2] Huskic, while acting pro se, filed a document entitled "Supplemental Evidence/ Discovery," which provides a lengthy narrative regarding the events related to his claims.

[3] Although the County is not identified as a moving party in the motion's caption, the motion specifically requests the Court enter an order dismissing all of Huskic's claims against the County, the Prosecutor, and the Public Defender. (Dkt. 17-1 at p. 8).

**MEMORANDUM DECISION AND ORDER - 3**

## II.  ANALYSIS

### A.  The *Heck* Doctrine

Several grounds support dismissal of Huskic's § 1983 claims. As the City correctly notes, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Huskic's § 1983 claims. In that case, Heck brought a § 1983 action against county prosecutors and a state police investigator seeking damages. *Id.* at 479. Among other things, Heck alleged the defendants had engaged in an unlawful, unreasonable, and arbitrary investigation and had destroyed exculpatory evidence. *Id.* The district court dismissed Heck's claims, and on appeal, the Supreme Court addressed the viability of Heck's § 1983 claims which sought damages and called into question the lawfulness of his state conviction. *Heck*, 512 U.S. at 483.

The *Heck* Court ruled that a § 1983 claim for damages is not an appropriate vehicle for challenging an outstanding criminal judgment. *Heck*, 512 U.S. at 486. It held that to recover damages for an allegedly unconstitutional conviction, a plaintiff alleging a § 1983 claim "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Otherwise, a § 1983 claim for damages is not cognizable. *Heck*, 512 U.S. at 487. Under *Heck*, if a judgment on a § 1983 claim for damages would necessarily imply the invalidity of the plaintiff's conviction, the court must dismiss the complaint. *Heck*, 512 U.S. at 487.

Just as in *Heck*, Huskic's allegations in this case against the County, the Prosecutor, the City, and the BPD focus on alleged failures to investigate various aspects of the state criminal action against Huskic and to collect and preserve exculpatory evidence. (Dkt. 1 at ¶¶ 29, 33). These

allegations necessarily imply the invalidity of Huskic's conviction in that action. Nothing indicates, however, that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See id.* at 486-87. Thus, under the *Heck* doctrine, Huskic's § 1983 claims for damages are not cognizable. Accordingly, the Court dismisses Huskic's § 1983 claims against the County, the Prosecutor, the City, and the BPD without prejudice.

Moreover, other alternative bases exist requiring the dismissal of Huskic's § 1983 claims. For example, the Prosecutor has absolute immunity from a § 1983 claim for damages for activities associated with the judicial phase of the criminal process, including deciding whether to prosecute and what evidence to present. *See, e.g.*, *Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) ("It has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'"); *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (discussing immunity for certain activities). Further, Huskic fails to allege any theory of municipal liability for purposes of stating a § 1983 claim against the County or the City. *See, e.g.*, *Johnson v. Shasta Cnty*, 83 F. Supp. 3d 918, 930 (E.D. Cal. 2015) (explaining theories of municipal liability). Also, the BPD is not an independent legal entity subject to being sued but rather a department of the City. *See, e.g.*, *Garnett v. City of Coeur d'Alene*, No. 2:09-cv-435-BLW, 2010 WL 4024061, at *7 (D. Idaho Oct. 12, 2010) (noting police department is not legal entity but rather a department of City). Because the BPD is a department of the City, Huskic's claims against the BPD are redundant of his claims against the City.

**MEMORANDUM DECISION AND ORDER - 5**

B. **Ada County Public Defender**

Likewise, Huskic's § 1983 claims against the Public Defender must be dismissed. As the Public Defender correctly notes, the doctrine of res judicata bars Huskic's § 1983 claims against it. "Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) the identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). A dismissal with prejudice is a final judgment on the merits for purposes of res judicata. *See id.* at 956 ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"); *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (noting "no quarrel with the general premise that a dismissal with prejudice has res judicata effect" and that "there can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case").

Considering these factors, the doctrine of res judicata bars Huskic's § 1983 claims against the Public Defender. Huskic asserts the same claims against the Public Defender in this case as he did in his prior case. *See Huskic*, 2022 WL 13927239. Namely, Huskic contends in this case that the Public Defender is liable under § 1983 for alleged violations of his constitutional rights under the Fifth, Sixth, and Eighth Amendments. As noted above, Judge Nye previously dismissed those claims with prejudice, explaining that the Public Defender is not liable under § 1983 because "public defenders do not act under color of law when representing defendants in criminal cases" and that "there are no additional facts that, once pleaded, could raise Huskic's claims to the required level of plausibility." *Id.* at *3; *see also Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (ruling public defenders acting in role as advocate are not acting under color of state law for § 1983 purposes). If Huskic disagreed with Judge Nye's ruling, his recourse was to appeal that ruling, not

to collaterally attack it by filing another lawsuit against the same party making the same allegations and asserting the same claims. *See Francisco Enters., Inc. v. Kirby*, 482 F.2d 481, 485 (9th Cir. 1973) (noting sole recourse is appeal); *Christ v. Hixson*, No. 3:22-cv-02401-LB, 2022 WL 21768595, at *3 (N.D. Cal. Apr. 29, 2022) (same). Accordingly, res judicata bars Huskic's claims against the Public Defender in this case, and the Court dismisses those claims with prejudice.

### C. State Farm

Huskic's claims against State Farm are also in doubt because Huskic has failed to serve this action on State Farm for nearly a year. On April 19, 2024, an amended summons issued to State Farm Mutual Automobile Insurance Company, care of Chelsea Stutzman Insurance Agency Inc. (Dkt. 8). The summons was returned unexecuted with a notation that the registered agent for State Farm, the Idaho Department of Insurance, refused to accept the summons because Huskic had improperly identified State Farm in his complaint using an incorrect name and because Ms. Stutzman was listed on the summons. (Dkt. 9). Since that date, Huskic has taken no action to correct State Farm's name on the complaint or to serve it.

Local Rule 4.1 requires that, within thirty days of filing the complaint, a plaintiff must file a status report with the Court "regarding whether service of the summons and complaint has been effectuated or waived by each defendant and, if so, the dates(s) on which each such service or waiver of service occurred." Dist. Idaho Loc. Civ. R. 4.1. Further, Rule 4(m) requires that proper service be made on all defendants within ninety days after the complaint is filed. Fed R. Civ. P. 4(m). If the plaintiff does not serve the defendant within ninety days, then the court must dismiss the action without prejudice after providing plaintiff notice. *Id.* If the plaintiff shows good cause

for failing to timely serve the complaint, the court must extend the period for an appropriate period. *Id.*

Contrary to these rules, Huskic did not file a status report with the Court regarding service of the complaint on State Farm, has not requested an extension of the service deadline, and has failed to show good cause for an extension. Because Huskic has not served State Farm with the complaint since filing it over eleven months ago, this Court orders him to show cause why the Court should not dismiss his claims against State Farm.

**D. Huskic's Motion to Continue and Motion to Dismiss State Criminal Action**

On September 4, 2024, Huskic moved "to continue the proceedings/filings in this case" until "the end of this month of September of 2024." (Dkt. 27) (capitalization corrected). The stated purpose of Huskic's request was to obtain legal counsel. (*Id.*). The City opposed Huskic's motion, noting the exact nature of his request is unclear. (Dkt. 28). To the extent Huskic requests a stay of this case, the Magistrate Court has already granted Defendants' request to stay the litigation deadlines until the Court resolves the pending motions to dismiss. (Dkt. 21). Further, between Huskic's September 4 motion and September 30, no filings have occurred other than the City's response to that motion. Because Huskic's request is limited to relief during September 2024, that request is now moot.

In the same filing, Huskic moved "to dismiss all of the unconstitutional and fraudulent charges" against him in the state criminal action. (Dkt. 27) (capitalization corrected). This Court, however, is a court of limited federal jurisdiction and has no authority to dismiss a state criminal action. Further, to the extent Huskic seeks to enjoin the state criminal action against him, the

*Younger* doctrine precludes the Court from taking such action. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding federal court must refrain from enjoining state criminal prosecution).

### III.  ORDER

**IT IS ORDERED that:**

1.  The Court GRANTS the City of Boise's motion to dismiss. (Dkt. 13). Huskic's claims against the City of Boise are dismissed without prejudice, and his claims against the Boise Police Department are dismissed with prejudice.

2.  The Court GRANTS the motion to dismiss of Ada County, the Ada County Public Defender's Office, and the Ada County Prosecutor's Office. (Dkt. 17). Huskic's claims against Ada County and the Ada County Prosecutor's Office are dismissed without prejudice, and his claims against the Ada County Public Defender's Office are dismissed with prejudice.

3.  The Court DENIES Huskic's motion to dismiss and DENIES as moot his motion to continue. (Dkt. 27).

4.  **No later than 21 days** after this Order's entry, Huskic is ORDERED TO SHOW CAUSE why this Court should not dismiss this action without prejudice against State Farm under Rule 4(m) of the Federal Rules of Civil Procedure.

DATED: October 04, 2024

Amanda K. Brailsford
U.S. District Court Judge