UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAD HUSKIC,<br><br>    Plaintiff,<br><br>v.<br><br>ADA COUNTY; ADA COUNTY PUBLIC DEFENDER'S OFFICE; ADA COUNTY PROSECUTOR'S OFFICE; CITY OF BOISE; BOISE CITY POLICE DEPARTMENT; STATE FARM INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:23-cv-00538-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are two motions to dismiss: one filed jointly by Ada County, the Ada County Public Defender's Office, and the Ada County Prosecutor's Office (Dkt. 17), and another filed by the City of Boise. (Dkt. 13). Also pending are two motions filed by Plaintiff Sead Huskic - a "motion to continue proceedings/filings in this case," and a motion seeking dismissal of what he characterizes as "unconstitutional and fraudulent charges" brought against him in an underlying state criminal proceeding. (Dkt. 27).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral

argument, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS Defendants' Motions to Dismiss and DENIES Huskic's Motions.

## II. BACKGROUND

This matter arises from a vehicle collision between Plaintiff Sead Huskic and his neighbor in November 2021. Dkt. 1, at 3. Following an investigation by the Boise Police Department ("BPD"), authorities concluded that Huskic had committed both felony and misdemeanor offenses by "assaulting a neighbor using a deadly weapon by intentionally driving his car at the neighbor and [the neighbor's] vehicle, and by leaving the scene afterward." *Id*. The Ada County Prosecutor's Office ("the Prosecutor") pursued criminal charges against Huskic in Ada County District Court Case No. CR01-21-44024 (the "state criminal action"), with the Ada County Public Defender's Office ("the Public Defender") appointed to represent him. *Id*. at 3-4. The BPD assisted in both the investigation and prosecution. *Id*. at 4.

Huskic was ultimately convicted by a jury of aggravated assault with a deadly weapon or instrument and later sentenced. *See Huskic v. Boise Police Dep't*, No. 1:22-cv-00308-DCN, 2022 WL 13927239, at *2 (D. Idaho Oct. 24, 2022). Proceeding pro se, Huskic subsequently filed a federal civil action in this Court against BPD, the Prosecutor, and the Public Defender, alleging violations of his rights under the Fifth, Sixth, and Eighth Amendments. *Id*. The Public Defender moved to dismiss for failure to state a claim, and in addressing that motion, the undersigned ultimately determined Huskic was asserting a claim under 42 U.S.C. § 1983. *Id*. at *4. The undersigned granted the Motion presented by

the Public Defender, reasoning that § 1983 "is only applicable against agents under color of state law, and public defenders do not act under color of law when representing defendants in criminal cases." *Id*. Accordingly, the undersigned dismissed Huskic's claims against the Public Defender with prejudice. *Id*. Claims against the Prosecutor and BPD were dismissed without prejudice due to Huskic's failure to serve them under Federal Rule of Civil Procedure 4(m). *Id.*

On December 1, 2023, Huskic – temporarily represented by counsel[1] – filed the current action.[2] Dkt. 1. As with his earlier lawsuit, Huskic again brings claims against the Public Defender, the Prosecutor, and the BPD based on events related to his state criminal proceedings. *Id*. at 1. This time, he also names Ada County ("the County") and the City of Boise ("the City") as additional defendants. *Id*. In general, Huskic alleges these defendants denied him a fair trial, effective assistance of counsel, and substantive due process in violation of the Fifth, Sixth, and Eighth Amendments. *Id*. Huskic further alleges that State Farm Insurance Company ("State Farm") breached a duty of good faith and fair dealing by failing to pay a subrogation demand made by the alleged victim's insurance carrier and by failing to preserve certain evidence. *Id*. at 35–39. Huskic seeks monetary damages. *Id*. at 41(a).

In response, the City filed a motion to dismiss. Dkt. 13. Similarly, the County, the

---

[1] After filing the Complaint (Dkt. 1), Huskic's counsel withdrew from the case before any other filings occurred. Since then, Huskic has proceeded pro se in this matter.

[2] While proceeding *pro se*, Huskic submitted a filing titled "Supplemental Evidence / Discovery," in which he sets forth an extensive narrative recounting the events underlying his claims.

Public Defender, and the Prosecutor jointly moved to dismiss.[3] Dkt. 17. Thereafter, Huskic filed two motions: one requesting a continuance to obtain legal representation and another seeking dismissal of the state criminal charges against him. Dkt. 27, at 1. Correspondingly, Huskic filed an answer to the motions to dismiss. Dkt. 22.

On October 4, 2024, the Honorable Amanda K. Brailsford entered a decision in this matter. Dkt. 29. While her analysis was well-reasoned and correct, she subsequently recused herself from the case, and her decision was vacated accordingly. *Id*. Upon independent review of the record and applicable law, this Court finds that the analysis contained in Judge Brailsford's decision was accurate. Thus, the Court's analysis and ultimate conclusion will be very similar here.

### III. LEGAL STANDARD

In reviewing a Motion to Dismiss, the Court must accept the factual allegations as true, but the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The allegations must be more than mere speculation. *Iqbal*, 566 U.S. at 555. And a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal is therefore appropriate "where the complaint lacks a cognizable legal theory or

---

[3] Although the County is not specifically identified as a moving party in the caption of the motion, the body of the motion expressly asks the Court to dismiss all of Huskic's claims against the County, the Prosecutor, and the Public Defender. Dkt. 17-1. Thus, the Court will include the County in its analysis.

sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV. ANALYSIS

### A. Applicability of Heck v. Humphrey

Huskic's claims brought under 42 U.S.C. § 1983 face a fundamental legal bar that compels dismissal. As the City appropriately contends, the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994), precludes such claims where they necessarily undermine the validity of an outstanding criminal conviction.

In *Heck*, the plaintiff sought damages under § 1983 asserting constitutional violations stemming from an allegedly flawed investigation and suppression of exculpatory evidence. *Id*. at 479. The Supreme Court unequivocally held that a § 1983 action seeking damages cannot proceed if a judgment in favor of the plaintiff would necessarily imply the invalidity of a criminal conviction, unless that conviction has been invalidated through a number of specified mechanisms – namely, reversal on appeal, executive pardon, a finding of invalidity by a competent state tribunal, or a writ of habeas corpus issued by a federal court. *Id*. at 486–87.

That principle squarely governs here. Huskic's complaint raises claims against the City, the Prosecutor, and the BPD that turn on allegations of official misconduct during the criminal investigation and prosecution – specifically, failures to properly investigate and preserve potentially exculpatory evidence. Dkt. 1, at 29, 33. These contentions, by their very nature, challenge the integrity and lawfulness of the underlying conviction. Yet, there is no indication that Huskic's conviction has been overturned or otherwise invalidated by

any of the mechanisms identified in *Heck*. As such, these claims are not cognizable under § 1983 and must be dismissed. *See Heck*, 512 U.S. at 487.

Accordingly, the Court dismisses Huskic's § 1983 claims against the City, the Prosecutor, and the BPD without prejudice.

### B. Additional Grounds for Dismissal

Even if *Heck* was not dispositive, other independent grounds require dismissal of these claims. The Prosecutor is entitled to absolute immunity for actions intimately tied to the judicial phase of the criminal process, including prosecutorial decision-making and the presentation of evidence. *See Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022); *Hartman v. Moore*, 547 U.S. 250, 261–62 (2006). Huskic's claims are challenging this type of behavior from the Prosecutor. For example, Huskic alleges that the Prosecutor acted inappropriately by failing to preserve, investigate, or disclose key exculpatory evidence - such as photos, black box data, and video footage - that supported Huskic's version of events and undermined the alleged victim's claims. Dkt. 1, at 11-12.

Further, Huskic has failed to articulate a viable theory of municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), or its progeny. *See, e.g., Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 930 (E.D. Cal. 2015) (discussing municipal liability standards under § 1983). Here, the complaint includes no well-pled allegations identifying a policy, practice, or custom attributable to the County or City that directly caused the alleged constitutional violations.

Finally, Huskic's claims against the BPD must be dismissed for the additional reason that the BPD is not a justifiable entity capable of being sued. Rather, BPD is simply a

department within the City government, and thus, any claim against the BPD is duplicative of the claim against the City itself. *See Garnett v. City of Coeur d' Alene*, No. 2:09-cv-435-BLW, 2010 WL 4024061, at *7 (D. Idaho Oct. 12, 2010).

In sum, all § 1983 claims asserted by Huskic against the City, the Prosecutor, and the BPD fail for various reasons, and they are hereby dismissed without prejudice.

### C. Claims Against the Public Defender

Huskic's § 1983 claims against the Public Defender are likewise foreclosed – this time under the doctrine of res judicata. The Public Defender accurately asserts that these claims were previously litigated and resolved in a prior action, and as binding precedent, they cannot be relitigated here.

The doctrine of res judicata, or claim preclusion, bars the assertion of claims that have already been adjudicated on the merits. It applies when there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity or identity between the parties. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). As the Ninth Circuit has made clear, a dismissal with prejudice constitutes a final judgment on the merits for purposes of res judicata. *See id.*; *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining that a dismissal with prejudice has preclusive effect and bars subsequent actions on the same issues).

Here, each of the requisite elements above are satisfied. Huskic's present claims against the Public Defender mirror those asserted in his prior federal suit, in which he alleged violations of his constitutional rights under the Fifth, Sixth, and Eighth Amendments arising from the Public Defender's representation in his criminal proceedings. *See Huskic*

*v. Ada County Public Defender*, No. 1:22-cv-00394-DCN, 2022 WL 13927239 (D. Idaho Oct. 24, 2022). In that case, the undersigned dismissed the claims with prejudice, reasoning that public defenders do not act under color of law for purposes of § 1983 when performing the traditional functions of a criminal defense attorney. *Id*. at *3 (citing *Georgia v. McCollum*, 505 U.S. 42, 53 (1992)). The court further held that no plausible amendment could cure the legal deficiencies in the complaint.

Huskic may not now relitigate that same dispute merely by repackaging his claims in a new action. Federal courts do not permit collateral attacks on final judgments simply because a party is dissatisfied with the result. The proper remedy in such circumstances is an appeal – not a second lawsuit seeking the same relief against the same party on the same legal and factual grounds. *See Francisco Enters., Inc. v. Kirby*, 482 F.2d 481, 485 (9th Cir. 1973); *Christ v. Hixson*, No. 3:22-cv-02401-LB, 2022 WL 21768595, at *3 (N.D. Cal. Apr. 29, 2022).

Because the claims at issue were previously adjudicated and dismissed with prejudice, res judicata squarely applies. Accordingly, the Court dismisses Huskic's claims against the Public Defender with prejudice.

### D. Claims Against State Farm

Huskic's claims against State Farm Mutual Automobile Insurance Company are also subject to dismissal for failure to comply with fundamental service requirements under both the Federal Rules of Civil Procedure and this Court's Local Rules. Nearly a year has passed since this action was filed, and yet State Farm remains unserved.

On April 19, 2024, the Court issued an amended summons directed to "State Farm

Mutual Automobile Insurance Company, care of Chelsea Stutzman Insurance Agency Inc." Dkt. 8. That summons was returned unexecuted, accompanied by a notation from the Idaho Department of Insurance – the registered agent for State Farm – indicating it refused service. The reasons given were twofold: first, the complaint misidentified the legal name of the defendant; and second, Chelsea Stutzman, an individual agent, was improperly listed on the summons. Dkt. 9. Despite this clear indication of defective service, Huskic has made no subsequent effort to correct the defendant's name, amend the summons, or effect proper service.

Both the Court's Local Rules and the Federal Rules of Civil Procedure impose clear and enforceable obligations on plaintiffs regarding service of process. Under Local Rule 4.1, a plaintiff is required to file a status report within thirty (30) days of filing the complaint, informing the Court whether service has been effectuated or waived. *See* Dist. Idaho Loc. Civ. R. 4.1. Additionally, Rule 4(m) of the Federal Rules of Civil Procedure mandates that a defendant must be served within ninety (90) days of the complaint's filing. *See* Fed. R. Civ. P. 4(m). If service is not completed within that timeframe, the court – upon notice to the plaintiff – must dismiss the action without prejudice unless the plaintiff demonstrates good cause for delay. *Id*.

Here, Huskic has not filed the required status report, has not sought an extension of the service deadline, and has offered no justification – let alone good cause – for his failure to comply. It has now been over eighteen months since the initial filing, yet State Farm remains unserved and uninvolved in these proceedings. Even more, Judge Brailsford pointed out these same deficiencies in her now-vacated order that was issued eight months

ago. While that Order is no longer binding, Huskic was clearly on notice that service to State Farm was deficient, and he has had several months to address the issue in the interim.

In reality, Huskic has had plenty of time to remedy the deficiencies in serving State Farm. However, the Court will generously presume, particularly because he is preceding *pro se*, that Huskic might not have known whether Judge Brailsford's analysis related to service was valid due to the interim recusal. Accordingly, the Court will give Huskic one more chance to justify his failure to remedy the above-noted problems with service, and hereby orders Huskic to show cause, in writing, within fourteen (14) days as to why his claims against State Farm should not be dismissed without prejudice for failure to effect service under Rule 4(m). Should no adequate response be filed, the Court will proceed with dismissal.

**E. Huskic's Motion to Continue and Motion to Dismiss State Criminal Charges**

On September 4, 2024, Huskic filed a motion "to continue the proceedings/filings in this case" until the end of September 2024. Dkt. 27. The motion appears to seek a temporary pause in the case to allow Huskic additional time to secure legal representation. The City filed an opposition (Dkt. 28), pointing out, among other things, that the precise scope of Huskic's request is ambiguous.

To the extent Huskic's filing is construed as a motion to stay the case, that issue has already been resolved. On August 20, 2024, the Court granted Defendants' motion to stay all litigation deadlines pending resolution of their dispositive motions. Dkt. 21. As a result, no action has been required of the parties, and no filings – other than the City's response to the motion – occurred between September 4 and September 30. While Huskic's request

MEMORANDUM DECISION AND ORDER - 10

for a pause was confined to the month of September and has thus run its course, no further relief is warranted as there is a stay in place, and Huskic's motion is denied as moot.

In the same filing, Huskic also purports to move for dismissal of all "unconstitutional and fraudulent charges" against him in the separate state criminal proceeding. Dkt. 27. That request is plainly outside the jurisdictional bounds of this Court.

Federal district courts are courts of limited jurisdiction, and they do not possess authority to intervene in or dismiss ongoing state criminal prosecutions. To the extent Huskic is seeking to enjoin or otherwise interfere with his state prosecution, such relief is barred by the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 45 (1971), which requires federal courts to refrain from enjoining ongoing state criminal proceedings except in extraordinary circumstances not present here.

Because this Court lacks jurisdiction to grant the relief Huskic seeks with respect to the state criminal charges, that portion of his Motion is denied.

## V. ORDER

**IT IS HEREBY ORDERED:**

1. The Court **GRANTS** the City of Boise's Motion to Dismiss. Dkt. 13. Huskic's claims against the City of Boise are dismissed without prejudice, and his claims against the Boise Police Department are dismissed with prejudice.

2. The Court **GRANTS** Ada County, the Ada County Public Defender's Office, and the Ada County Prosecutor's Office's Motion to Dismiss. Dkt. 17. Huskic's claims against Ada County and the Ada County Prosecutor's Office

are dismissed without prejudice, and his claims against the Ada County Public Defender's Office are dismissed with prejudice.

3. The Court **DENIES** Huskic's Motion to Dismiss and **DENIES** as **MOOT** his Motion to Continue. Dkt. 27.

4. **No later than fourteen (14) days** after this Order's entry, Huskic is **ORDERED TO SHOW CAUSE** as to why this Court should not dismiss this action without prejudice against State Farm under Rule 4(m) of the Federal Rules of Civil Procedure.

DATED: July 7, 2025

_____
David C. Nye
Chief U.S. District Court Judge